# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JUANEL ANTHONY MIKULAK EL BAY, | Case No. 19-cv-34 (MJD/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DAKOTA COUNTY SHERIFF'S OFFICE, TIM LESLIE, and DAKOTA COUNTY JAIL, | |
| Defendants. | |

This matter is before the Court on Petitioner Juanel Anthony Mikulak El Bay's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. No. 1 (Petition)) and his Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2 (IFP Application)). The Petition is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts.[1] The Court now recommends dismissal of the Petition (without prejudice).

El Bay is a pretrial detainee awaiting trial in two matters in Minnesota state court, both set for trial in March 2019. *See* Register of Actions, *State v. Mikulak*, Case No. 19HA-CR-18-2343, *available at* http://pa.courts.state.mn.us/default.aspx (last accessed Feb. 14, 2019); Register of Actions, *State v. Mikulak*, Case No. 19HA-CR-18-2487,

---

[1]   The Petition is not governed by 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied. *See* Rule 1(b).

*available at* http://pa.courts.state.mn.us/default.aspx (last accessed Feb. 14, 2019). State pretrial detainees can receive habeas review through § 2241. *See, e.g.*, *Eremy v. Ramsey Cty.*, No. 17-cv-0083 (WMW/KMM), 2017 WL 3432067, at *1 (D. Minn. Apr. 21, 2017), *report and recommendation adopted*, 2017 WL 3421392 (D. Minn. Aug. 9, 2017). But such detainees can secure relief through § 2241 only if they first try to secure relief through available state court procedures. *See, e.g.*, *id.* ("[T]hough the statutory language of [28 U.S.C.] § 2241(c)(3) does not contain an exhaustion requirement, in the context of pretrial habeas petitions, 'federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'") (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)); *Rojas Hernandez v. Paget*, No. 16-cv-02537 (DWF/HB), 2016 WL 7404742, at *2 (D. Minn. Nov. 10, 2016) (making same point), *report and recommendation adopted*, 2016 WL 7404683 (D. Minn. Dec. 21, 2016).[2]

In this case, Minnesota law has a method for prisoners to challenge the validity of pretrial detention: filing a petition for a writ of habeas corpus in state court. *See* Minn. Stat. § 589.01-35 (statutory provisions governing state habeas procedures). It appears that El Bay has made no attempt to secure habeas relief in the Minnesota courts. (*See*

---

[2] Furthermore, under the doctrine of *Younger* abstention, "federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999) (citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)); *see also Opsahl v. Minnesota*, No. 09-CV-3709 (JRT/RLE), 2010 WL 3515698, at *2 (D. Minn. Aug. 31, 2010) (citing cases).

*generally* Dkt. No. 1 (containing no indication of state-court habeas proceedings).) Furthermore, El Bay gives no explanation of why he has not tried to use the state courts to secure habeas relief. (*See generally id.*) Given these circumstances, the Court will not entertain the merits of El Bay's habeas petition until he has exhausted available state court remedies.

A § 2241 state court habeas corpus petitioner can appeal his petition's denial only if he is granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *see also Krithers v. Wojciechowski*, No. 17-cv-149 (PJS/SER) (citing cases), 2017 WL 4736694, at *5 (D. Minn. Sept. 21, 2017), *report and recommendation adopted*, 2017 WL 4712200 (D. Minn. Oct. 18, 2017), *superseded on unrelated ground*, 2017 WL 5891729 (D. Minn. Nov. 28, 2017). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Putting aside the merits of any of El Bay's claims, the Court finds it unlikely that any other court, including the U.S. Court of Appeals for the Eighth Circuit, would find this Court's exhaustion ruling debatable. The Court thus recommends that El Bay not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:**

1. The Petition (Dkt. No. 1) be **DENIED WITHOUT PREJUDICE**.

2. The IFP Application (Dkt. No. 2) be **DENIED AS MOOT**.

3. This matter be **DISMISSED**.

4. A certificate of appealability be **DENIED**.


Dated: February 19, 2019                 *s/Elizabeth Cowan Wright*
                                         ELIZABETH COWAN WRIGHT
                                         United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).